UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE M&M CALDWELL 2007 FAMILY TRUST, et al., | No.  2:26-cv-02124 TLN SCR |
| Plaintiffs, | |
| v. | ORDER |
| SCHOOLS FIRST FEDERAL CREDIT UNION, | |
| Defendant. | |

There are three Plaintiffs in this action: 1) The M&M Caldwell 2007 Family Trust (the "Trust"); 2) Marthea Caldwell; and 3) Michael Caldwell.  The Plaintiffs are currently proceeding pro se.[1]  ECF No. 1 at 1.  The complaint states that the Trust "is filing a lawsuit against School First Federal Credit Union." *Id.* at 2.  Plaintiffs Marthea and Michael have filed separate motions to proceed in forma pauperis ("IFP").[2]  *See* 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).  ECF Nos. 2 & 3.  The Court will direct Plaintiffs Marthea and Michael to supplement their motions or to pay the filing fee.  Additionally, the Plaintiffs are advised that the Trust cannot

---

[1]  Pro se actions are referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1) for pretrial proceedings.

[2]  First names are used for the sake of clarity as the parties have the same last name.

1

proceed pro se. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (trustee of trust may not proceed pro se on behalf of the trust). Additionally, the Supreme Court has found that only natural persons can proceed in forma pauperis. *Rowland v. California Men's Colony*, 506 U.S. 194, 202-03 (1993).

As to the motions to proceed IFP of Marthea and Michael, they make an insufficient showing to proceed in forma pauperis ("IFP"). The Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal citation and quotation omitted).

Marthea's motion states that she is employed and makes $3,800/month. ECF No. 2 at 1. Under expenses, Plaintiff lists only three items, such as "PG&E" and "car insurance," without listing the amount of those expenses. *Id.* at 2. Thus, the Court cannot discern whether Marthea's monthly expenses exceed her income. *See Valentine v. Granville Realty, Inc.*, 2025 WL 1839935, at *2 (E.D. Cal. July 3, 2025) ("Courts have consistently held that IFP status should not be granted where an applicant can pay the filing fee with acceptable sacrifice to other expenses.").

Michael's motions list as a response to the majority of the questions "n/a" for not applicable. This is not a valid response. If the answer, for example to question #5, is that no assets are owned, Michael shall so state. Similarly, Michael states "n/a" for question #6 concerning expenses, if he has no expenses, he shall so state, or otherwise list his expenses. Question #8 is similarly inadequately answered.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs Marthea and Michael shall file supplements to their motions to proceed IFP (ECF Nos. 2 & 3) within 21 days of the date of this Order. Their supplements shall address the issues set forth herein. If Plaintiffs Marthea and Michael choose not to supplement their motions, they shall pay the filing fee within 21 days of this Order.

2. Additionally, as the Trust cannot appear pro se and cannot proceed in forma pauperis, within 30 days of the date of this Order, Plaintiffs shall take one of the following actions:

(A) retain an attorney and have an attorney enter a notice of appearance on behalf of the Trust;

(B) file an amended complaint that alleges claims solely on behalf of Plaintiffs Marthea and Michael as individuals; **or**

(C) file a brief showing cause why Plaintiffs should be allowed to proceed pro se on behalf of the Trust.

3. If Plaintiffs fail to comply with this Order, the Court will recommend that this action be dismissed without prejudice.

IT IS SO ORDERED.

DATED: July 6, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3