UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THE M&M CALDWELL 2007 FAMILY TRUST, et al.,

Plaintiffs,

v.

SCHOOLS FIRST FEDERAL CREDIT UNION,

Defendant.

No. 2:26–cv–02124–TLN-SCR

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiffs Michael Caldwell and Marthea Caldwell ("Plaintiffs")[1] are proceeding pro se. This action is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1) for pretrial proceedings. Plaintiffs Marthea and Michael[2] filed separate motions to proceed in forma pauperis ("IFP"). *See* 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees). ECF Nos. 2 & 3. They also filed what is captioned as a "motion to intervene" (ECF No. 5) and a motion for temporary restraining order ("TRO") (ECF No. 9). The Court now denies the motions to proceed IFP and the motion to intervene, and recommends that the motion for TRO be denied. Plaintiffs must pay the filing fee if they wish for this action to proceed.

[1] The original complaint also named as a Plaintiff the M&M Caldwell 2007 Family Trust (the "Trust"), but the Trust is no longer a Plaintiff in the First Amended Complaint (ECF No. 8).
[2] First names are used for the sake of clarity as the plaintiffs have the same last name.

**I. Motions to Proceed IFP**

The Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal citation and quotation omitted). The Court previously informed Plaintiffs that their motions made an insufficient showing to proceed IFP. ECF No. 4 at 2. The Court advised that Marthea's motion inadequately described her expenses, and that Michael had answered many questions with "n/a" for not applicable. *Id.* The Court directed Plaintiffs to supplement their motions to proceed IFP within 21 days. *Id*. Plaintiffs' supplementation was due by July 27, 2026. Plaintiffs did not timely supplement their motions. However, Plaintiffs did file a supplement (ECF No. 7) on August 13, 2026, which the Court now considers.

Marthea's motion states that she is employed and makes $3,800/month. ECF No. 2 at 1. Under expenses, Marthea lists only three items, such as "PG&E" and "car insurance," without listing the amount of those expenses. *Id.* at 2. In the supplement, Marthea provides additional information as to the amount of her expenses, which total approximately $2,800. ECF No. 7 at 2. The supplement also lists an additional approximately $880 in expenses for Michael. *Id*. The supplement states Michael's income is $1,110 (his motion stated his income was $1,200). ECF No. 3 at 1. Michael's motion listed no assets, and the supplement provides no additional information. Marthea's motion lists only one asset, a 2021 Tesla automobile. ECF No. 2 at 2.

Plaintiffs' filings in this matter reference a pending bankruptcy action, and in considering Plaintiffs' motions to proceed IFP, the Court takes judicial notice of Case No. 26-21572, filed in the United States Bankruptcy Court for the Eastern District of California on March 23, 2026. Plaintiffs initiated the bankruptcy action by filing a 63-page voluntary petition for Chapter 13 bankruptcy which provided detailed information as to their income, expenses, and assets. ECF No. 1 in Case No. 26-21572. Plaintiffs list their assets as having a value of $1.64 million. *Id*. at 10. Plaintiffs list their monthly income as $7,407, and monthly expenses as $3,367. *Id.* These amounts were reported on bankruptcy schedules and signed under penalty of perjury. ECF No. 1 at 6. The income and assets reported in the bankruptcy proceeding demonstrate that

Plaintiffs are capable of paying the filing fee, as monthly expenses exceed income by approximately $4,000. Even on the motions to proceed IFP, the combined reported income is $4,200 ($3,000 + $1,200), and the expenses listed on the supplement total approximately $3,680. Thus, Plaintiffs are capable of paying the filing fee. *See C.C.R. v. Comm'r of Soc. Sec.*, No. 1:21-cv-0640-DAD-SAB, 2021 WL 2534461, *1 (E.D. Cal. June 21, 2021) ("Where the applicant's income exceeds expenses by a notable amount, it may be appropriate to deny in forma pauperis status"); *Najafianashrafi v. Garland*, No. 1:24-cv-00336-KES-BAM, 2024 WL 3917151 (E.D. Cal. Aug. 23, 2024) (denying motion to proceed IFP where plaintiff's monthly income exceeded expenses by $347); *Valentine v. Granville Realty, Inc.*, 2025 WL 1839935, at *2 (E.D. Cal. July 3, 2025) ("Courts have consistently held that IFP status should not be granted where an applicant can pay the filing fee with acceptable sacrifice to other expenses."). The motions to proceed IFP (ECF Nos. 2 & 3) are DENIED.

**II. Motion to Intervene**

The motion to intervene is unclear and it appears may have been filed in the wrong action. The caption bears the case number for this action, the bankruptcy action referenced above (Case No. 26-21572), and a state court unlawful detainer action (Case No. 26UD000624). ECF No. 5 at 1. The caption references the Plaintiffs as the "debtors." The document appears to be a notice of hearing on a motion to intervene that was set for hearing in the bankruptcy action. The motion attaches a copy of a check made out to attorney Peter Macaluso in the amount of $3,313 and dated March 15, 2026. *Id.* at 5. The Court notes that attorney Macaluso was counsel of record in the bankruptcy action until he was granted leave to withdraw on August 5, 2026. *See* ECF No. 52 in Case No. 26-21572. This motion seeks no clear relief from this Court and appears to have been filed in the incorrect forum. The motion (ECF No. 5) is DENIED.

**III. Motion for TRO**

On August 17, 2026, more than two months after this action was filed, Plaintiffs filed a motion for TRO. ECF No. 9. It is not clear what relief the motion seeks, and the Plaintiffs did not submit a proposed order as is required by Local Rule 231(c)(6). The motion fails to comply with Local Rule 231 in other important respects. There is no affidavit in support of the existence

of irreparable injury, nor is there an affidavit detailing the notice to the opposing party or efforts to provide such notice. LR 231(c)(4), (c)(5).[3] As stated in the motion to intervene, Plaintiffs are in litigation with Defendant in a state court unlawful detainer action and in a bankruptcy proceeding. Defendant in this action has made filings in the bankruptcy case, 26-21572, and in a related adversary proceeding (Case No. 26-02069), and Plaintiffs do not explain why they could not have provided notice of this motion for TRO to Defendant.

These procedural deficiencies alone would justify denial of the motion. "Courts regularly deny TROs where the movant fails to comply with procedural requirements, including where the movant is a *pro se* plaintiff." *Martinez v. Sanchez*, No. 2:25-cv-02118-TLN-SCR, 2025 WL 2160655 (E.D. Cal. July 30, 2025), citing *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

If the Court were to proceed beyond these procedural issues, the motion also fails substantively. The motion does not seek clear relief, but it may be seeking to enjoin the state court unlawful detainer proceeding. *See* ECF No. 9 at 1-2 (appearing to seek an order to show cause to prevent Defendant from proceeding with an unlawful detainer to evict Plaintiffs). The memorandum in support does not provide greater clarity as to what specific relief Plaintiff is seeking. ECF No. 9 at 29-36.

A TRO is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *see also Winter v. NRDC, Inc.*, 555 U.S. 7, 22, 129 S. Ct. 365, 375-76 (2008). A TRO may only be granted if the moving party satisfies one of two legal standards. A plaintiff seeking a TRO must generally establish all four of the following elements: (1) likely success on the merits of his underlying case; (2) he is likely to suffer

[3] Plaintiffs do "declare under penalty of perjury" that their entire motion for TRO and their legal memorandum in support are true. ECF No. 9 at 5 & 36. However, these filings are not a clear statement of facts in numbered paragraphs going to the issues of notice and irreparable harm.

irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *See Garcia v. Google, Inc*., 786 F.3d 733, 740 (9th Cir. 2015). A plaintiff may also be entitled to a TRO by showing serious questions going to the merits, irreparable harm, and a balance of equities that tips strongly in the plaintiff's favor. *See All. For the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011).

Plaintiffs have not established a likelihood of irreparable harm. From filings in the bankruptcy proceeding, it appears the foreclosure occurred in February 2025. ECF No. 12 in Case No. 26-21572. Plaintiff provides no information as to the status of the unlawful detainer proceeding, so the Court cannot determine if the alleged harm is imminent. The record in the adversary proceeding in bankruptcy court, Case No. 26-02069, reflects that the unlawful detainer action was filed on February 2, 2026. *See* ECF No. 13, Exhibit 11 (a file-stamped copy of the unlawful detainer complaint). Thus, the unlawful detainer action has been pending for more than six months, and this action was filed over two months ago, raising the prospect that Plaintiffs have unduly delayed in seeking emergency relief. *See* LR 231(b) ("Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.").

Plaintiffs do allege that they have suffered mental and physical health issues related to these foreclosure proceedings. ECF No. 9 at 35. Plaintiff attaches what purport to be medical records which appear to show Michael sought medical care in June 2026 related to stress. ECF No. 9 at 22-28. He reported a significant amount of stress for the past several years. *Id.* at 27-28. While the Court is sympathetic to the alleged harm Plaintiff has suffered, the Court cannot grant relief against the ongoing state proceedings.

"The Anti–Injunction Act states that '[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Parker v. All. Laundry Sys. LLC*, No. 2:13-cv-01878-TLN, 2013 WL 5555317, *2 (E.D. Cal. Oct. 8, 2013), citing 28 U.S.C. § 2283. Plaintiffs have not argued that any of these exceptions apply.

"[E]xceptions to the Anti–Injunction Act must be construed narrowly and doubts as to the propriety of a federal injunction against a state court proceeding should be resolved in favor of permitting the state action to proceed." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). "Numerous district courts in California have found that the Anti-Injunction Act prohibits a federal district court from issuing a temporary restraining order staying unlawful detainer proceedings in state court." *Austin v. JMK Invs., Inc.*, No. 2:25-cv-02966-TLN-SCR, 2025 WL 2928953, *3 (E.D. Cal. Oct. 14, 2025), citing *Gray v. Bakersfield Parks, LP*, No. 16-cv-01860-LJO-JLT, 2016 WL 7229112, at *2 (E.D. Cal. Dec. 13, 2016) (collecting cases). Because Plaintiffs have failed to show that any of the exceptions apply, Plaintiff has not demonstrated an entitlement to relief. See *Laws v. Laws*, No. 2:17-cv-00369-TLN-AC, 2017 WL 2691794, *1 (E.D. Cal. June 22, 2017) (finding plaintiff made no effort to show any of the exceptions to the Anti-Injunction Act applied, and consequently plaintiff had not made a clear showing of entitlement to a TRO).

For these reasons, the Court recommends the motion for TRO (ECF No. 9) be DENIED.

**IV. CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' motions to proceed IFP (ECF Nos. 2 & 3) are DENIED. If Plaintiffs wish for this action to proceed, they shall pay the filing fee **within 21 days** of the date of this Order.
2. If Plaintiffs fail to pay the filing fee, the Court will recommend that this action be dismissed without prejudice.
3. Alternatively, if Plaintiffs no longer wish to pursue this action, Plaintiffs may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.
4. The motion to intervene (ECF No. 5) is DENIED.

**IT IS FURTHER RECOMMENDED THAT** Plaintiffs' Motion for temporary restraining order (ECF Nos. 9) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14)**

**days** after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: August 20, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE